UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA HENLEY, | Case No. 2:14-cv-00067-MMD-CWH |
| Plaintiff, | |
| v. | ORDER |
| SMITHS FOOD AND DRUG CENTERS, INC. d/b/a/ SMITHS FOOD AND DRUG A DIVISION OF THE KROGER COMPANY, et al., | |
| Defendants. | |

## I. INTRODUCTION

This case comes before this Court through Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Petition for Removal. (Dkt. no. 1.) Plaintiff Sandra Henley filed this action in Clark County, Nevada, after a cashier at a store owned and operated by Smith's allegedly struck Plaintiff's right leg, causing Plaintiff to "fall backwards and suffer severe, sustained, debilitating injuries to her body" as Plaintiff was attempting to exit the store. (Dkt. no. 1-1 at 3.) Plaintiff brings negligence claims against Smith's and the cashier, who is identified as "JANE DOE CASHIER I" in the Complaint. (Id. at 3–5.)

Defendant removed this action on the basis of 28 U.S.C. § 1332. On February 26, 2014, Plaintiff filed the instant Motion to Amend Complaint to Add Party Previously Designated as Jane Doe Cashier #1 and Remand the Action to State Court ("Motion").

(Dkt. nos. 11, 12.)[1] Plaintiff states that she learned, during a Fed. R. Civ. P. 26(a) conference with Smith's, that "JANE DOE CASHIER I" is Danielle Duran, a Nevada resident. (Dkt. no. 11 at 1–2.) Plaintiff thus seeks to amend the Complaint to substitute Duran as JANE DOE CASHIER 1 and asks the Court to remand this action to state court as the parties, with Duran as defendant, are no longer diverse. (*Id.* at 1–2, 3.)[2]

Smith's filed an opposition to the Motion (dkt. nos. 13, 14) and Plaintiff filed a reply (dkt. no. 15). For the reasons set out below, the Motion is granted and this action is remanded to state court.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 15, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The Court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)).

However, in situations where, as here, the proposed amendment seeks to join a diversity-destroying defendant after removal, 28 U.S.C. § 1447(e) is the proper standard. *See, e.g., Kwasniewski v. Sanofi-Aventis U.S., LLC*, 2:12-cv-515, 2013 WL 5882749, at *3 (D. Nev. Oct. 29, 2013); *Lieberman v. Wal-Mart Stores, Inc.*, 2:12-cv-1650, 2013 WL 596098, at *1 (D. Nev. Feb. 15, 2013); *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010-11 (N.D. Cal. 2000). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional

///

///

---

[1] Dkt. nos. 11 and 12 are identical. This Order will only make reference to dkt. no. 11 but resolves both motions.

[2] In accordance with Local Rule 15–1(a), Plaintiff attached the proposed Amended Complaint to the Motion. (Dkt. no. 11–1.)

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Whether to permit a diversity destroying amendment lies within the discretion of the district court. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998). In exercising this discretion, district courts in the Ninth Circuit consider a number of factors including: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant." *See Lieberman,* 2013 WL 596098 at *2 (*citing Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016 (C.D. Cal. 2002)).

### III.  DISCUSSION

First, Fed. R. Civ. P. 19(a) provides that a party is "necessary" in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen,* 172 F.3d 682, 688 (9th Cir. 1999). For the purposes of a § 1447(e) analysis, "[c]ourts will prevent joinder of non-diverse defendants where the proposed defendants 'are only tangentially related to the cause of action or would not prevent complete relief.'" *IBC Aviation,* 125 F. Supp. 2d 1012. Here, the Complaint and proposed Amended Complaint assert that Duran's negligence is directly responsible for Plaintiff's injuries because she, among other allegations, failed to warn Plaintiff that she was passing behind her, failed to properly lookout for customers, failed to maintain proper distance between her and Plaintiff, and tried to pass Plaintiff at a "hurried and unreasonable pace." (Dkt. no. 11 at 3.) Duran therefore bears more than a tangential relationship to Plaintiff's claims because of her direct involvement with the injury. Smith's argues, however, that Duran is not needed for just adjudication because Smith's "has

stipulated and/or will stipulate" that Duran was acting in the course and scope of her employment at the time of the accident and Smith's will satisfy any judgment awarded Plaintiff. (Dkt. no. 13 at 6-7.) The Court is not aware of any such stipulation in this case. Whether Duran was acting within the course and scope of her employment and whether Smith's can therefore be held vicariously liable for Duran's conduct are matters that will not be determined by the Court at this time and are best reserved for a fact finder at trial. Further, as the court in *Lieberman* noted, an employer's vicarious liability does not preclude individual tort liability on the part of the employee. *See Lieberman*, 2013 WL 596098 at *3 (*citing Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765–66 (7th Cir. 2009)). Duran's presence is therefore necessary for a just adjudication of Plaintiff's claims.

Second, neither party argues that a new action against Duran in state court would be time barred. However, Plaintiff points out that a separate action against Duran would "duplicat[e] costs and fees and rais[e] the possibility of inconsistent and competing verdicts and judgments." (Dkt. no. 15 at 5.) Indeed, requiring Plaintiff to "litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." *IBC Aviation*, 125 F. Supp. 2d 1012. Here, if Plaintiff proceeded with two separate actions against Duran and Smith's respectively, both actions would involve the same set of facts and the same alleged conduct by Duran.

Third, neither party argues that there has been an unexplained delay in Plaintiff bringing the Motion. Plaintiff states that the Motion was filed as soon as she learned Duran's identity. (Dkt. no. 15 at 5.)

Fourth, "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Smith's asserts that "Plaintiff's sole motivation in seeking joinder is to defeat the [C]ourt's subject matter jurisdiction." (Dkt. no. 13 at 8.) However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more

4

flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F. Supp .2d at 1012 (*citing Trotman v. United Parcel Serv.*, C-96-1168, 1996 WL 428333 at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion."); HR Rep No 889, 100th Cong, 2d Sess 72, reprinted in 1988 U.S.C.C.A.N. 6033 (stating purpose of § 1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal")). In any case, Plaintiff's desire to add Duran as a defendant is clearly reasonable and justifiable. Duran made contact with Plaintiff, allegedly causing the injury at issue in this case, and the Complaint contained allegations regarding Duran specifically. Plaintiff was merely unaware of Duran's identify when this action was filed and removed.

Fifth, "[c]ourts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forgo valid claims against the non-diverse defendants." *Lieberman*, 2013 WL 596098 at *2 (*citing Yang v. Swissport USA, Inc.*, C 09-03823, 2010 WL 2680800, at *6 (N.D. Cal. July 6, 2010); *IBC Aviation*, 125 F.Supp .2d at 1013). It would be prejudicial to place Plaintiff in a position where she must choose between forgoing a claim against Duran or pursue a redundant litigation in state court and risk inconsistent results.

Sixth, there appears to be some merit to the claim against Duran. Although discovery has not yet commenced in this case, the parties are in possession of a tape that purportedly shows contact between Duran and Plaintiff in the store, and shows that Plaintiff fell backward following the contact. (Dkt. no. 13 at 2–3.)

Considering all of the applicable elements, the Court determines that joinder of Duran as a defendant in this action is permissible. Pursuant to 28 U.S.C. § 1447, this action is therefore remanded to state court.

Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. §1447. (Dkt. no. 11 at 6–7.) The Court will award attorney's fees and costs. The citizenship of defendants sued under fictitious names, such as "JANE DOE CASHIER 1", are disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b). Removal was therefore not unwarranted in this case. Plaintiff argues that Smith's did not agree to stipulate to amendment and remand, but Smith's had no obligation to do so as Smith's believed, with some reasonable basis, that the Court should deny amendment pursuant to 28 U.S.C. § 1447(e).

### IV. CONCLUSION

It is hereby ordered that Plaintiff's Motion to Amend Complaint to Add Party Previously Designated as Jane Doe Cashier #1 and Remand the Action to State Court (dkt. nos. 11, 12) is granted. It is ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 6th day of May 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE